IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN EDWARD MERRIFIELD,

    Plaintiff,                         No. CIV S-08-1952 GGH P

    vs.

SANTA BARBARA COUNTY JAIL,

    Defendants.                  ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.[1]

       The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

       In this case, the defendants are located and the claims, to the extent legible, arose

---

[1] Plaintiff has not filed an application to proceed in forma pauperis or paid the filing fee.

1  in Santa Barbara County, which is in the Central District of California.  Therefore, plaintiff's
2  claim should have been filed in the United States District Court for the Central District of
3  California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong
4  district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932
5  (D.C. Cir. 1974).
6          Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
7  United States District Court for the Central District of California.
8  DATED: 08/26/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/ak
merr1952.21a

2